

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-20-2009

# Schlegel v. Koteski

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Schlegel v. Koteski" (2009). *2009 Decisions.* Paper 2013.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2013

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4166

HARRY SCHLEGEL,

Appellant

v.

RENA LYNN KOTESKI, School Director, individually and in her official capacity;
JEFFREY MATTHEWS, School Director, individually and in his official capacity;
SUSAN CALDWELL, School Director, individually and in her official capacity; GARY
HORNER, School Director, individually and in his official capacity; BARBARA
KRAUS, School Director, in her official capacity; SCOTT KOLAR, School Director, in
his official capacity; DAN LIOY, School Director, in his official capacity; TOM
MCGOUGH, School Director, in his official capacity; PAUL OLIJAR, School Director,
in his official capacity; PLUM BOROUGH SCHOOL DISTRICT; TODD MINK, former
School Director, in his official capacity; JAN SCHOENENBERGER, former School
Director, individually; DIANA TRESCO, former School Director, individually,

On Appeal of a Decision of the United States District Court
for the Western District of Pennsylvania (No. 05-cv-1429)
District Judge: Terrence F. McVerry

Submitted under Third Circuit L.A.R. 34.1(a)
October 24, 2008

Before: RENDELL and SMITH, *Circuit Judges*,
and POLLAK, *District Judge*.[*]

---

[*]  Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation

---

OPINION

---

POLLAK, *District Judge*

Plaintiff-appellant Harry Schlegel appeals from a September 26, 2007 final order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the defendants. Schlegel brought this civil rights suit under 42 U.S.C. § 1983, claiming that the defendants retaliated against him in violation of the First Amendment. Defendants are the Plum Borough School District, together with a dozen individuals, present and former directors of the School District, sued individually and in their official capacities.[1] Schlegel argues that the District Court erred in concluding that the conduct of the individual defendants warranted absolute legislative immunity. He further argues that the District Court failed to examine the entire record and erroneously concluded that no causal link existed to support plaintiff's retaliation claim against the School District as a municipal entity. We have jurisdiction under 28 U.S.C. § 1291 and will affirm.

I.

---

[1] In this opinion, we will refer to the municipal entity as the "School District," to individual directors as "school directors" or "directors," and to the voting body of directors, acting for the School District, as the "school board" or the "board."

Because we write primarily for the parties, we will summarize what is a lengthy and involved set of interactions between many community members in Plum Borough, Allegheny County, Pennsylvania.

Plaintiff-appellant Harry Schlegel is the elected Real Estate Tax Collector for the Plum Borough School District. He was appointed to the position in 2000, following the early departure of his predecessor, then chose to run for the office in 2001 and again in 2005. Schlegel won both elections.

The Real Estate Tax Collector is an elective position governed in part by Commonwealth statute, specifically 72 P.S. § 5511.36a. This law requires that the compensation for elected tax collector positions be set by the formal decision of a local body some months before the election for the office. The school board sets the compensation for the tax collector position at issue in this lawsuit.

The school board voted, at appropriate sessions and as required by statute, and set the compensation for the tax collector position on January 28, 1997, January 30, 2001, and November 30, 2004 – in short, every four years and, in each instance, several months in advance of the next election cycle for the office. The November 2004 vote is the only one at active issue in this lawsuit,[2] but in both that vote and the January 2001 vote, the board changed the financing scheme in ways that lowered the compensation for the Real

_____

[2] As discussed below, the statute of limitations for this § 1983 action is two years. We have, however, considered the broader record in our review of the causation element of plaintiff's claim.

Estate Tax Collector.  The board also altered the duties of the office in those years, in ways that Schlegel alleges made the position more burdensome.  Schlegel also avers that the board denied him privileges afforded to his predecessor, such as free rent and photocopying.

Schlegel has been a very politically active and outspoken member of the Plum Borough community for many years.  He occupied other elective offices prior to his appointment as Real Estate Tax Collector.  He has clashed with other active members of the community on many occasions, most notably with individual directors of the School District who at different times voted to set the compensation of the tax collector position.  For example, in 1994, Schlegel complained to an Allegheny County Commissioner about possible misuse of county property by an individual (and defendant here) who later served on the school board while Schlegel served as tax collector.  In another instance, at a school board meeting in 2004, Schlegel tendered, from his personal checking account, a payment of taxes owed by borough residents serving in the military.  He did so as a protest against the board for not waiving the taxes of such persons.  The record describes a host of other expressions by Schlegel that appeared to lead him into some form of conflict or disagreement with individuals named as defendants in this matter.

On October 13, 2005, Schlegel brought suit under 42 U.S.C. § 1983 against serving and former school directors as well as the School District.  He asserted that the defendants retaliated against him for his protected First Amendment activities by reducing

4.

his compensation, increasing his duties, and refusing to furnish established appurtenances of his position. Following discovery, the defendants moved for summary judgment, which the District Court granted. Schlegel has appealed.

II.

The District Court granted summary judgment to the individual defendants on the ground that they were entitled to absolute legislative immunity. This left the plaintiff with recourse against the Plum Borough School District alone. Schlegel argues that the individual school board members acted in an administrative capacity, and thus did not enjoy absolute immunity. Our review of this grant of summary judgment is plenary, and we draw all reasonable factual inferences in favor of the non-moving party. *Doby v. DeCrescenzo*, 171 F.3d 858, 867 (3d Cir. 1999). We find no error in the conclusion of the District Court and will affirm.

Absolute immunity applies to official actions taken "in the sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Legislative immunity shields legislators, but also public officials outside the legislative branch when they perform legislative functions. *Id*. This court has found this to include "members of a municipal council acting in a legislative capacity." *Aitchison v. Raffiani*, 708 F.2d 96, 99 (3d Cir. 1983).

"In determining whether legislative immunity attaches to municipal actors engaging in arguably administrative activities, we ask whether the activities are 'both

5.

substantively and procedurally legislative in nature.'" *Baraka v. McGreevy*, 481 F.3d 187, 198 (3d Cir. 2007) (quoting *In re Montgomery Cty.*, 215 F.3d 367, 376 (3d Cir. 2000)). The procedural prong of the test examines whether the action was taken by means of an established and legitimate process, and the substantive prong looks to whether the actions at issue involve policy-making decisions of a general scope. *Gallas v. Superior Court*, 211 F.3d 760, 774 (3d Cir. 2000).

Schlegel complains about the recasting of the duties of the Real Estate Tax Collector, the reduction of the compensation for the office, and the elimination of perquisites he viewed as incident to the position. In part, the individual defendants took such actions pursuant to the directives of 72 P.S. § 5511.36a, which states that "[w]hen any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted prior to the fifteenth day of February of the year of the municipal election."

Procedurally, the individual defendants took the actions at issue by means of an established and legitimate process, as required by *Gallas*, 2111 F.3d at 776. Those who sat on the school board in 2004, and set the scope of the job and its compensation for the next term, followed the law of the Commonwealth and acted as previous boards had when

making the same decisions in the past.[3] Schlegel advances no evidence of improper, illegitimate process.

Substantively, the decisions at issue were legitimate because they involved policy-making of a general scope. While the actions may have had an adverse impact on Schlegel as the individual who eventually was elected to the position of Real Estate Tax Collector, the decisions concerned the scope of the office and expenditures of public funds on a public function for the citizens of Plum Borough. We have found that "the elimination of a public employment position – as opposed to the firing of a single individual – constitutes a 'legislative' act." *In re Montgomery Cty.*, 215 F.3d 367, 377 (3d Cir. 2000). If the elimination of a position is legislative, the redefinition of an elective office, including the setting of funding for it under a specific Commonwealth statute, clearly constitutes legislative conduct.

Schlegel contends that the school directors did not draft or enact legislation. He further argues that the school board's decisions did not have general policy implications, but, rather, that the board's decisions only affected him as the particular individual who collected taxes. We find both lines of argument unpersuasive. This court has never suggested that a process resulting in the promulgation of a comprehensive legislative scheme is required for legislative immunity. Furthermore, the challenged board decisions

---

[3] Those who were no longer serving on the board in 2004 would, in any event, be shielded from liability by the applicable two-year statute of limitations. *See infra* note 4.

did have policy ramifications in Plum Borough: (a) how tax dollars were to be collected and (b) how much taxpayer money was to be allocated to a public function. The second type of policy decision has been found to be substantively legislative by the Supreme Court, *Bogan*, 523 U.S. at 56, and, quite recently, by this court, *Baraka*, 481 F.3d at 199-200. In short, Schlegel has failed to demonstrate that the 2004 decision of the board concerned him specifically — rather than the office that he held in 2004 and intended to run for again in 2005. The board's adjustments to the office of Real Estate Tax Collector were clearly legislative in nature, thus cloaking the individual board members with absolute immunity.

III.

Next, we examine the grant of summary judgment to the Plum Borough School District as the remaining defendant. In reviewing the motion for summary judgment, the District Court looked to the actions of the School District, as taken by the school directors in their official capacities, that fell within the applicable two-year statute of limitations[4] and found no proof of the required element of causation between Schlegel's protected activities and his claims of retaliation within that period. Schlegel challenges this finding on two grounds. First, he objects that the District Court failed to review the entire record, including activities beyond the limitations period, to determine if the School District acted

---

[4] Generally, the limitations period for § 1983 claims is the applicable state law period for personal injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n. 5 (2005). In Pennsylvania, this period is two years. 42 Pa. C.S.A. § 5524.

in a retaliatory manner.  Second, he argues that a pattern of antagonism by individual

school directors and by the school board, combined with the timing of the board's 2004

vote, creates enough of an inference of causation to defeat summary judgment as to the

School District.  Our review of the District Court's decision to grant summary judgment

on this retaliation claim is plenary, and we apply the same Rule 56 standard as the District

Court.  *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994); Fed. R. Civ. P.

56(c).

To prevail on a § 1983 claim of retaliation for the exercise of First Amendment

rights, a plaintiff must show that (1) he engaged in a protected activity, (2) the defendant

took adverse action sufficient to deter a person of ordinary firmness from exercising his

rights, and (3) a causal connection existed between the protected activity and the adverse

action.  *Lauren W. v. Deflaminis*, 480 F.3d 259, 267 (3d Cir. 2007).  Causation may be

proved in various ways.  A showing of "unusually suggestive" temporal proximity

between the protected activity and the adverse action can be sufficient.  *Doe v. C.A.R.S.*

*Protection Plus, Inc.*, 527 F.3d 358, 369 (3d Cir. 2008).  A plaintiff also can prove

causation, despite a lack of suspicious temporal proximity, by coming forward with

evidence of a pattern of antagonistic conduct against the plaintiff subsequent to his

protected conduct.  *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920-21 (3d Cir. 1997).

Lastly, the plaintiff can seek to prove causation by pointing to the record as a whole for

evidence that suggests causation.  *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281

(3d Cir. 2000).[5]

We agree with the District Court that the plaintiff is restricted by the two-year statute of limitations from pursuing damages for any actions of the School District before October 13, 2003, two years prior to the inception of this suit. By this we mean that the adverse action examined under the second prong of the three-part *Deflaminis* retaliation test is restricted to the limitations period. It is in evaluating causation under the third prong that a district court, and this court, may review the broader record to determine if there is sufficient evidence from which a reasonable jury could find that a link exists between the plaintiff's protected conduct and the defendant's adverse action.

Schlegel identifies a good deal of protected free speech. He asserts that the School District took adverse action against him in 2004 by increasing his duties and reducing his compensation. What is missing from the equation, however, is the causal link between his protected activity and the adverse action, and this missing link arises directly from the nature of the tax collector position and the mandated legislative activity of the school board regarding the position.

---

[5] We note the observations of this court in *Deflaminis*:

> A court must be diligent in enforcing these causation requirements because otherwise a public actor cognizant of the possibility that litigation might be filed ... could be chilled from taking action that he deemed appropriate.... Consequently, a putative plaintiff by engaging in protected activity might be able to insulate himself from actions adverse to him that a public actor should take.

480 F.3d at 267.

10.

When the school board voted on the duties and compensation of the Real Estate Tax Collector on November 30, 2004, the position Schlegel held was that defined by the board prior to the 2001 election. The position defined by the board's November 30, 2004 vote was the position of Real Estate Tax Collector as it was to exist subsequent to the 2005 election, more than a year after the board's vote. Thus, in deciding to run for reelection in 2005, Schlegel chose to seek a position whose perquisites and compensation, as a matter of public record, were not to be the same as those of the position Schlegel occupied prior to the 2005 election. In deciding to run again in 2005, Schlegel exercised his free choice to accept, if elected, the position as redefined. Schlegel had no constitutionally-protected vested interest in the particular features of the position as it existed in 2004, no matter what reasons animated the board in redefining the position. These undisputed facts sever the causal chain and defeat Schlegel's claim of retaliation brought against the School District.

IV.

For the reasons given, we will affirm the judgment of the District Court (1) dismissing plaintiff's suit against the individual defendants on grounds of legislative immunity, and (2) granting summary judgment in favor of the School District with respect to plaintiff's claim of retaliation.

11.